# KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

April 30, 2021

*Via CM/ECF*

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Associated Newspapers Ltd. v. Google LLC*, No. 1:21-cv-03446 (PKC)

Dear Judge Castel:

I write on behalf of plaintiffs Associated Newspapers Ltd. and Mail Media, Inc. ("Daily Mail") in response to defendants Google LLC and Alphabet Inc.'s ("Google") letter motion for a 60-day extension to answer Daily Mail's complaint and an adjournment of the initial pretrial conference. *See* ECF No. 13 ("Ltr."). Google's current deadline to respond to the complaint is May 12, 2021, and the Court has scheduled the initial pretrial conference for June 14, 2021.

Daily Mail is an online news publisher. In 2011, when Daily Mail opened its New York headquarters, it overtook *The New York Times* as the world's most popular English-language newspaper website. As described in our complaint, ECF No. 1, and in the fifteen-State complaint Google cites in its letter, *State of Texas v. Google LLC*, 20-cv-00957 (E.D. Tex. Dec. 16, 2020), Google monopolizes the advertising services Daily Mail needs to fund its operations. The result is ongoing financial and competitive injury to Daily Mail in millions of ad auctions every day.

Google seeks an additional 60 days to respond for two reasons. First, Google claims it needs more time to "analyze and respond" to Daily Mail's complaint. Ltr. at 1. But Google now twice has answered the complaint in *Texas v. Google*, ECF Nos. 67 (130 pages), 96 (166 pages), which Google identifies as "shar[ing] many of the same allegations regarding the same Google products and services and the same alleged conduct," Ltr. at 1-2. Google responded to the States' complaint in 68 days. Google then responded to the States' amended complaint in 22 days. Google does not explain why it now needs another 81 days to "analyze and respond" to Daily Mail's claims.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable P. Kevin Castel
April 30, 2021
Page 2

Second, Google has petitioned the Judicial Panel on Multidistrict Litigation to create an MDL including this action, *Texas v. Google*, and others. *See* Ltr. at 2; Ex. A (Mem. in Support of Mot. to Transfer, *In re: Digital Advert. Antitrust Litig.*, Pending No. 37 (J.P.M.L. Apr. 30, 2021), ECF No. 1-1. According to Google, because multiple publishers have been harmed by its conduct, it would be "[in]appropriate to give one set of plaintiffs an advantage over others in terms of the timing of discovery." Ltr. 2. But merely filing an MDL petition is not grounds for an extension. *See Quinn v. J.P.Morgan Chase Bank, N.A.*, 2020 WL 3472448, at *1 (S.D.N.Y. June 24, 2020) (denying stay where "the JPML has not yet even calendared the petition for argument").

Daily Mail does not oppose Google's request for a 60-day extension, but it respectfully requests the Court to order Google to make an initial production of discovery in the interim. *See* Fed. R. Civ. P. 26(d)(1) (court may order discovery before Rule 26(f) conference). Google should reproduce to Daily Mail the documents it already has produced to the plaintiffs in *Texas v. Google*. This is not "open[ing] up discovery," as Google asserts, but a simple and targeted request that Google reproduce documents it already has produced to the plaintiffs in what Google believes is a related case. Google's statement that it has "not produced any documents in that case" is also incorrect. Google produced documents to the plaintiffs in *Texas v. Google* pursuant to civil investigative demands issued by the plaintiffs in advance of the litigation. *See* Ex. B (9/9/2019 CID); Ex. C (6/22/2020 CID). The *Texas v. Google* complaint is based on those documents. *See* Am. Compl., ¶¶ 125, 131, 141, 149-155, 241, 270, 279, *Texas v. Google*, ECF No. 77. Google told the district judge in the Eastern District of Texas that it produced documents from over 150 employees. *See* Ex. D (3/18/2021 Tr.) at 49:17-23.

The documents that Google already has produced to the plaintiffs in *Texas v. Google* are directly relevant to Daily Mail's complaint. Google should reproduce these same documents to Daily Mail expeditiously. *See, e.g.*, Case Management Order, *Klein v. Facebook, Inc.*, No. 5:20-cv-08570-LHK (N.D. Cal. Apr. 2, 2021) , ECF No. 82 (ordering, prior to the entry of a protective order or a 26(f) conference, defendant to "produce to Plaintiffs the documents [Defendant] produced to the Federal Trade Commission and the United States House of Representatives within 30 days"). Indeed, Google already has *Daily Mail's* documents that Daily Mail produced to the plaintiffs in *Texas v. Google*, in response to two CIDs from Texas.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

The Honorable P. Kevin Castel
April 30, 2021
Page 3

The table below sets forth several examples of CID requests that correspond directly to Daily Mail's allegations:

| Daily Mail Compl. Para. | Subject Description | States' Sept. 2019 CID | States' June 2020 CID |
|---|---|---|---|
| 102-104 | Hashing User IDs | | 13 |
| 93-95 | Google Ad Manager | 6 | 21(b), 21(e), 21(h), 21(i) |
| 85-92 | DoubleClick for Publishers | 15 | 21(a), 21(c), 21(e), 21(h), 21(i) |
| 85-92 | DoubleClick Ad Exchange | 21-24 | 21(a), 21(c), 21(h), 21(i) |
| 86-87 | Google Ads | | 21(h), 21(j), 70 |
| 41-43 | Dynamic Allocation | 31-35 | 20 |
| 44-47 105-112 | Last Look | | 17, 20, 21(d), 42, 43 |
| 113-117 | Enhanced Dynamic Allocation | 36-38 | 20 |
| 118-120 | Project Bernanke | | 14, 73-74 |
| 96-97 | Header Bidding | 39-40 | 20, 31 |
| 121-127 | Average Revenue Share | | 27 |
| 139-151 | Unified Pricing Rules | | 18, 34, 54-57, 62 |
| 48-52 146-149 | Minimum Bid to Win | | 14, 16, 21(d), 21(i) |
| 161-170 | Accelerated Mobile Pages | 60-68, 73-80, 84-85 | 80-81, 83-88 |
| 155-159 | Privacy Sandbox/Chrome | 91-92 | 13, 92 |
| 53-70 | Market Definition | 96 | 111 |

Google objects to this initial production because "it is far from settled whether and where this case will be proceeding." Ltr. at 2. As to "whether" this case will proceed, there is no reason to doubt that Daily Mail's case will go forward. Google seeks to consolidate this case with *Texas v. Google*, which it twice has answered rather than moved to dismiss. Even a filed motion to dismiss would not merit a stay of discovery. *E.g., In re Currency Conversion Fee Antitrust Litig.*, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) ("imposition of a stay is not appropriate simply on the basis that a motion to dismiss has been filed").

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable P. Kevin Castel
April 30, 2021
Page 4

As to "where" this case will proceed, the possibility that the JPML might centralize this case with other publisher complaints against Google is not a reason to stop discovery entirely. *See* JPML Rule 2.1(d) ("The pendency of a motion . . . before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court."). The discovery that Daily Mail seeks — reproduction of documents produced in response to a governmental investigation — is discovery that all plaintiffs in any eventual MDL would seek. There is no risk of wasteful efforts in starting that discovery now.

Further, as Judge Rakoff recently explained in *Quinn*, limited, initial discovery during the pendency of an MDL petition is helpful to the resolution of any MDL:

> Contrary to speculations often voiced, this Court's prior experience in presiding over MDL cases has shown that, if one or more parties has moved forward in individual proceedings prior to consolidation, the MDL judge actually benefits. This is because the preliminary disputes arising in these earlier proceedings enable the MDL judge to quickly learn what kinds of discovery and other pre-trial issues are likely to arise in the now-centralized cases, and, more generally, to get a feel for what these cases are really about.

*Id.* at *2. Thus, far from being "[in]appropriate" (as Google claims), early discovery in cases that may proceed to an MDL "helps to move the cases forward." *Id.*

Finally, any MDL is reasonably likely to be assigned to this Court. *Cf. Quinn*, 2020 WL 3472448, at *1 (denying stay where "significant time would have been totally wasted if a stay had been granted" and an MDL ultimately was not assigned to a different forum). Google has acknowledged that much of its conduct occurred here, *see* Mot. to Transfer at 4-5, *Texas v. Google*, ECF No. 28, and that the largest share of its witnesses is located here, *see* Ex. D at 49:17-50:2. Many of Google's rivals, and many of America's largest publishers (including Daily Mail's U.S. operations), also are or were headquartered in this District. *See* Compl., ¶ 8, ECF No. 1. Google's motion for an MDL in the Northern District of California ignores these facts and focuses on the number of cases filed in that District. *See* Ex. A at 2. But the publishers that filed in California did so only because of forum-selection clauses, which do not determine the MDL forum. *See, e.g., In re Park West Galleries, Inc., Mktg. and Sales Practices Litig.*, 655 F. Supp. 2d 1378, 1379 (J.P.M.L. 2009) ("Contractual forum selection clauses . . . do not limit the Panel's authority with respect to the selection of a transferee district.") (cleaned up). Google recognizes that almost all of these plaintiffs have little connection to California. Of the "more than 70 plaintiffs" Google identifies, it admits that only "[t]hree named plaintiffs" reside in California. Ex. A at 9, 17.

\*          \*          \*

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable P. Kevin Castel
April 30, 2021
Page 5


Daily Mail does not oppose Google's request for a 60-day extension, but it respectfully requests that the Court order Google to reproduce to Daily Mail the above-identified documents that Google already has produced to the plaintiffs in *Texas v. Google*.  Daily Mail has offered to agree to the protective order that Google and the United States agreed to in the antitrust case pending in the D.C. district court, *see United States v. Google*, No. 1:20-cv-03010-APM (Jan. 21, 2021), ECF No. 98, and Daily Mail would not object to Google's counsel in this case having simultaneous access to Daily Mail's documents that have been produced in *Texas v. Google*.

Respectfully submitted,

/s/ *John Thorne*

John Thorne
*Counsel for Plaintiffs*

Attachments


cc:    All Counsel of Record (via CM/ECF)