**WILSON SONSINI**

Wilson Sonsini Goodrich & Rosati
Professional Corporation

1301 Avenue of the Americas
40th Floor
New York, New York 10019-6022

O: 212.999.5800
F: 212.999.5899

JONATHAN M. JACOBSON
212-497-7758
jjacobson@wsgr.com

May 3, 2021

<u>VIA ECF</u>

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Assoc. Newspapers Ltd. et al. v. Google LLC et al.*, No. 1:21-cv-03446-PKC

Dear Judge Castel:

I write on behalf of Google and Alphabet (collectively, "Google") in response to Plaintiff's letter of April 30, 2020, ECF 16.

Google had requested a "60-day extension to respond to Plaintiff's Complaint, and [to] adjourn the Initial Pretrial Conference to a date at the Court's convenience on or after July 26, 2021." ECF 15, at 2.  *Plaintiffs' letter does not oppose either request*.  Plaintiffs acknowledge, moreover, that there are numerous cases raising similar and even identical claims across the country, and that centralization by the JPML is likely. Barely 10 days after the Complaint was filed, however, its letter instead demands to be the first out of the gate of the many private plaintiffs to get discovery.  It does so even without having served a document request under Rule 34, nor having filed a motion for early (pre-Rule 26(f) conference) discovery.  Plaintiffs' request should be denied, and Google requests should be granted.

Google's motion for centralization before the JPML was filed on April 30, and is being lodged here with the Clerk. Google has responded to CIDs and subpoenas from state attorneys general and other government regulators. However, there has been no discovery in any of the 20 cases (some of which are consolidations of multiple cases) pending before the Panel, including the case brought by state attorneys general.  Plaintiff here wants to get a jump on all the other cases and to advance its as-yet-unfiled request to centralize all the cases before this Court – a request that all or almost all of the other plaintiffs are sure to oppose.

WILSON SONSINI

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
May 3, 2021
Page 2

Plaintiffs' request, if granted, will lead to a discovery stampede by the many other plaintiffs to make sure Plaintiffs here do not get any perceived advantage. Indeed, it appears that is happening already. Right after Plaintiffs' letter request here, the plaintiffs in the putative Publisher class action (*In re Digital Publisher Antitrust Litigation*, No. 5:20-cv-08984-BLF (N.D. Cal.) submitted an entirely improper Rule 34 request for everything provided in connection with House and Senate inquiries; to Britain's Competition and Markets Authority in connection with its Online Platforms and Digital Advertising Market Study's inquiry; and to Australia's Competition & Consumer Commission, Digital Platforms Branch in connection with its Digital Platforms Inquiry, Ad Tech Inquiry, and Digital Advertising Services Inquiry – in addition to all the same documents provided to the state attorneys general that Plaintiffs are requesting here. Importantly, Plaintiffs here are part of the Publishers' putative class, and their demand is duplicated entirely by the Publishers' untimely Rule 34 request. Should any of the discovery be allowed now, Google faces the threat of getting inconsistent and duplicative demands in all the pending cases, precisely what its centralization motion is intended to avoid.

What's more, Plaintiffs do not meet the standard for early discovery here because they have established neither reasonableness nor good cause. The request is not reasonable because it is vastly overbroad. Plaintiffs demand that Google produce every document that it provided to the Texas Attorney General in response to two civil investigative demands. Those civil investigative demands included many topics that are not part of Plaintiffs' complaint here. For example, Plaintiffs' complaint does not allege anticompetitive conduct with respect to the Google Marketing Platform, Google Display Network, or YouTube. Nor does Plaintiffs' complaint allege anticompetitive conduct with respect to the "integration of AdMob into AdX," alleged "decision[s] to offer DFP Small Business to Publishers for free," to "charge Publishers for access to DFP Premium," or to "not include impressions sold through AdSense [or AdX Seller] in DFP Premium pricing"; an alleged "policy prohibiting standalone DMPs from using tracking pixels"; the alleged "use of last-click attribution or last-impression attribution . . . to measure the effectiveness of any ad campaign." *See* Pl.s' Ltr., Ex. B. Indeed, of the 104 requests for production in the TX AG's first civil investigative demand, Plaintiffs identified only 38 as "corresponding" to allegations in their complaint. Thus, a wholesale re-production Google's investigative (*i.e.*, non-litigation) production to the TX AG would give Plaintiffs access to reams of information not relevant to the allegations in their complaint, before discovery has even begun. Plaintiffs have articulated no reason – and the rules certainly provide none – why they should be entitled to this discovery at this early stage.

Plaintiffs make much of the fact that Google answered the state attorney general case in Texas. That Google answered a different complaint, filed by a different plaintiff, in a different court, after a different procedural history has no bearing on Google's response to this

WILSON SONSINI

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
May 3, 2021
Page 3

complaint. Google fully believes that all the private cases – including this one – fail to state a claim on which relief can be granted under Rule 12(b)(6). Google has moved to dismiss the consolidated Advertiser complaint pending in the Northern District of California (*In re Google Digital Advertising Litig.,* 5:20-cv-03556-BLF (N.D. Cal.)), and expects to move to dismiss the consolidated Publisher complaint there as well. And these motions, unlike the complaints, have merit. In the hearing on the Advertiser case, for example, the court indicated its intent to grant the motion (with leave to replead). Exh. A, attached, at 4-9, 60-61. Plaintiffs' Complaint here suffers many of the same defects. What portions of it survive, if any, will have a significant effect on what, if any, discovery is appropriate here.

Forcing Google to provide discovery—most of it entirely irrelevant to Plaintiffs' claims—in this latest-filed (of the 20 cases) before the Panel acts and the pleadings are settled would undo the efficiency that will be generated through centralization. In addition to Plaintiffs' case here, there are 12 other newspaper cases and, as mentioned, a putative Publisher class case, all of which bring similar (or identical) claims. What makes sense here is to await centralization by the Panel so that the numerous publishers can serve a single set of document requests and duplication and conflicts can be avoided.

Thank you for the Court's attention to this matter.

Respectfully submitted,

*/s/ Jonathan M. Jacobson*
Jonathan M. Jacobson

*Counsel for Defendants
Google LLC and Alphabet Inc.*

cc: All counsel of record