KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

May 4, 2021

*Via CM/ECF*

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Associated Newspapers Ltd. v. Google LLC*, No. 1:21-cv-03446 (PKC)

Dear Judge Castel:

    I write on behalf of plaintiffs Associated Newspapers Ltd. and Mail Media, Inc. ("Daily Mail") in response to defendants Google LLC and Alphabet Inc.'s ("Google") letter of May 3, 2021. *See* ECF No. 17 ("Ltr."). I write briefly to clarify three misstatements in Google's letter.

    First, Daily Mail did not "demand that Google produce every document that it provided to the Texas Attorney General in response to two civil investigative demands." Ltr. at 2. Daily Mail identified specific CID document requests in the table provided in its prior letter. *See* ECF No. 16 at 3. Daily Mail requested that Google produce those "above-identified documents." *Id.* at 5. Google does not dispute that those document requests are relevant to Daily Mail's claims. Instead, Google cherry picks other CID document requests that Daily Mail did not identify.

    Second, Daily Mail does not need to establish "good cause" for its simple and targeted discovery request. *See* Ltr. at 2. To the contrary, Google must show good cause for its proposed extension to answer Daily Mail's complaint, the adjournment of the initial pretrial conference, and the resulting two-month delay in discovery. *See Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) ("[U]pon a showing of good cause a district court has considerable discretion to stay discovery") (citation omitted). Google cannot seek a multi-month delay and then accuse Daily Mail of wanting to start discovery "early." Ltr. at 1. Daily Mail is prepared to proceed with discovery pursuant to the Court's original schedule. To the extent Google seeks a delay, Daily Mail submits that a limited, initial production is appropriate. As previously noted, Google already has Daily Mail's documents produced to the plaintiffs in *Texas v. Google*. *See* ECF No. 16 at 2.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

The Honorable P. Kevin Castel
May 4, 2021
Page 2

Third, Google's invocation of a "discovery stampede" is overstated. *See* Ltr. at 2. Google does not dispute that the proposed reproduction imposes no burden. Rather, Google complains that other plaintiffs will request the same discovery or file additional discovery requests. *See id.* But copying electronic files Google already has produced is ministerial. And other plaintiffs will file their discovery requests, to be evaluated on their merits, regardless how the Court rules here. The Rule 34 request identified in Google's letter proves the point. *See id.*

Google's argument that Daily Mail will "get a jump on all the other cases" makes no sense. Ltr. at 1. A monopolist is not entitled to delay because it has harmed many victims. As Google now does not dispute, the law cuts the other way: a stay of discovery is not awarded as a matter of course. *See, e.g.*, *Quinn v. JPMorgan Chase Bank, N.A.*, 2020 WL 3472448 (S.D.N.Y. June 24, 2020) (denying stay pending resolution of MDL petition before the JPML). Moreover, as Judge Rakoff explained in *Quinn*, "initial motion practice or discovery . . . before the MDL takes effect . . . helps to move the cases forward." *Id.* at *2.

                                        Respectfully submitted,

                                        /s/ *John Thorne*

                                        John Thorne
                                        *Counsel for Plaintiffs*

cc:    All Counsel of Record (via CM/ECF)