**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | Case No. 1:21-md-03010 (PKC) |

*This Document Relates To:*

| | |
|---|---|
| ASSOCIATED NEWSPAPERS LTD. and MAIL MEDIA, INC.<br><br>         Plaintiffs,<br><br> -against-<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>         Defendants. | Case No. 1:21-cv-03446 (PKC) |
| GANNETT CO., INC.<br><br>         Plaintiff,<br><br> -against-<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>         Defendants. | Case No. 1:23-cv-5177 (PKC) |

**PLAINTIFFS DAILY MAIL AND GANNETT'S MEMORANDUM OF LAW IN SUPPORT OF THEIR OF MOTION TO SEAL GOOGLE'S OPPOSITION TO PLAINTIFFS' MOTIONS FOR COLLATERAL ESTOPPEL AND PARTIAL SUMMARY JUDGMENT AND SUPPORTING MATERIALS**

Pursuant to Rule 5 of this Court's Individual Practices and paragraph 21 of the Modified Confidentiality Order, Dkt. No. 685, Plaintiffs Associated Newspapers Ltd. and Mail Media Inc. (together, "Daily Mail") and Gannett Co. Inc. ("Gannett") file this Memorandum of Law in Support of their Motion To Seal, which seeks to keep under seal certain parts of the following the materials:

- Google's Memorandum of Law in Opposition to Plaintiffs' Motions for Collateral Estoppel and Partial Summary Judgment (the "Opposition"), Dkt. 1079 (redacted), 1080 (sealed);

- Declaration of Eva H. Yung in Support of the Opposition Memorandum (the "Yung Declaration"), Dkt. 1081 (redacted), 1082 (sealed);

- Exhibits 15, 18, 20, 22, 23, 24, 25, 26, 27, 29 and 31 to the Yung Declaration, Dkt. 1081 (redacted), 1082 (sealed).

In support of their Motion To Seal, Google submits the Declarations of Matthew Wheatland and Jason Taylor.

## INTRODUCTION

Daily Mail and Gannett seek permission to keep under seal certain information contained in Google's Opposition and related filings. Daily Mail and Gannett propose narrowly tailored redactions to prevent the disclosure of specific non-public information that would, if disclosed, harm the privacy interests of Daily Mail's and Gannett's employees and the competitive interests of their businesses.

On July 18, 2025, Google filed an omnibus motion to seal filings related to its opposition. *See* Dkt. No. 1073. Google proposed redactions to its own information and, consistent with the governing Modified Protective Order, Dkt. No. 685, Google also proposed to provisionally seal or redact any information produced and designated as Confidential or Highly Confidential by Plaintiffs or any nonparties to this action.

1

Daily Mail and Gannett now propose to redact still narrower excerpts of certain transcripts of depositions of witnesses, as well as expert reports submitted in this action, which refer to non-public Daily Mail and Gannett data, revenue and operational figures, details of specific customer relationships, and competitive analysis.  As to those documents, Daily Mail and Gannett have proposed narrowly tailored redactions reflecting (i) the names and personal information of employees or third parties who are not high-level executives; and (ii) Daily Mail and Gannett's competitively sensitive business and technical information.*  These proposed redactions are indicated in blue highlighting alongside Google's proposed redactions in yellow highlighting.  Daily Mail and Gannett have retained in green highlighting Google's identification of confidential information for other parties and nonparties.

Daily Mail and Gannett respectfully submit that the highlighted details are not necessary for the public to understand and evaluate the disputes raised by Google's filings, which respond to Plaintiffs' argument that collateral estoppel applies in this action based on findings made by a different federal court.  In deference to the First Amendment interests at issue, Daily Mail and Gannett have narrowly tailored the proposed redactions in a manner that is consistent with the Second Circuit standard in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

## LEGAL STANDARD

In considering requests to seal or redact "judicial documents," Second Circuit courts must balance "the weight of the presumption" of public access against any "countervailing factors."

---

* Google proposed redactions to its own information with yellow highlighting.  Google's proposed redactions for Plaintiff- or nonparty-designated information were identified with green highlighting.  Daily Mail and Gannett have retained Google's yellow highlighting and placed blue highlighting over the information Daily Mail and Gannett wish to remain sealed in Exhibits 15, 18, 20, 22, 23, 24, 25, 26, 27, 29 and 31.  Daily Mail and Gannett have retained in green highlighting Google's identification of other parties' and nonparties' confidential information.

*Lugosch*, 435 F.3d at 120. Such factors include "the degree to which the subject matter is traditionally considered private rather than public" and the "nature and degree of injury" that might result from disclosure. *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). As the Court has previously recognized, the "right to access is not absolute . . .and the weight afforded to the presumption may vary, depending on the document's role in the judicial process." Dkt. No. 147 at 3-4 (citing *Lugosch*, 435 F.3d at 121).

The "privacy interests of innocent third parties . . . should weigh heavily." *Amodeo*, 71 F.3d at 1050 (citation omitted); *accord S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001). As the Court previously recognized, "the names [and] job titles . . . of . . . employees" have "no apparent bearing on any issue in this dispute" and, accordingly, the "privacy interests of these . . . employees outweigh[ ] the strong presumption of public access." Dkt. No. 147 at 9. This ruling is consistent with holdings from other Second Circuit courts, which frequently find that it is appropriate to redact personal information when the identity of the individual is not at issue. *See*, *e.g.*, *Lohnn v. International Bus. Machines Corp.*, 2022 WL 36420, at *17 (S.D.N.Y. Jan. 4, 2022) (finding that "the names and titles of executives, managers, and other . . . employees . . . should be redacted"); *Valassis Commc'ns, Inc. v. News Corp.*, 2019 WL 10984156, at *2 (S.D.N.Y. Mar. 11, 2019) (finding that "names . . . of third parties were immaterial . . . and thus redaction of this information is warranted").

Another interest that can outweigh the presumption of access and warrant sealing is "the protection of competitively sensitive business information." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2023 WL 5054602, at *2 (S.D.N.Y. Aug. 8, 2023). "The need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute such an interest [warranting redaction]." *In re Keurig Green Mountain Single-Serve*

*Coffee Antitrust Litig.*, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014). Second Circuit courts can and do grant motions to redact portions of documents that contain commercially sensitive or confidential information. *See, e.g.*, *Stegmann ex rel. Covetrus, Inc. v. Wolin*, 2021 WL 1838219, at *2 (E.D.N.Y. May 7, 2021) (permitting redactions to a complaint, which drew on internal documents, to "protect against disclosure of confidential and commercially sensitive information that would cause [the company] competitive harm"); *Regeneron Pharms., Inc. v. Novartis Pharma AG*, 2021 WL 243943 (S.D.N.Y. Jan. 25, 2021) (permitting redactions to a complaint that were "narrowly tailored to protect competitive business information"); *see also Amodeo*, 71 F.3d at 1050 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts."); *accord Keurig*, 2014 WL 12772236, at *2.

## ARGUMENT

For the reasons set forth below, the Court should order that narrowly tailored redactions should be applied to the publicly filed versions of the documents implicated by the Motion to Seal.

**I.      Non-public Personal Information Related to Daily Mail and Gannett Employees or Other Nonparties Should Remain Sealed**

Daily Mail and Gannett seek to redact the names and personal information of their employees or other nonparties, including email address, phone numbers, and job titles. These individuals are third parties to this action and their identities are not relevant to the underlying motions at issue or the substantive facts of this dispute. *See Lohnn*, 2022 WL 36420, at *17; *Valassis*, 2019 WL 10984156, at *2. If the redacted personal information were disclosed publicly, these individuals could be exposed to unwanted and unnecessary attention, solicitation, and harassment. Accordingly, the "privacy interests of these . . . employees outweigh[] the strong presumption of public access." Dkt. No. 147 at 9.

For these reasons, as set forth in the Exhibits filed contemporaneously herewith, Daily Mail and Gannett have proposed redactions to names and personal information of their employees revealed in the following documents: Opposition; Yung Declaration; Yung Declaration Exhibits 15, 18, 22, 23, 24, 25, 26, 27.

**II.     Daily Mail and Gannett Should Be Permitted To Apply the Narrowly Tailored Redactions They Have Proposed**

Aside from the names and personal information of their employees, Daily Mail and Gannett also request narrowly tailored redactions necessary to protect their competitively sensitive business information. The specific documents for which Daily Mail and Gannett seek redaction or sealing are filed contemporaneously herewith and identified in the accompanying Declarations of Matthew Wheatland and Jason Taylor.

*First*, Daily Mail and Gannett request narrowly tailored redactions to protect its non-public data, including as related to its optimizations with its ad tech products. *See* M. Wheatland Decl. ¶ 8; J. Taylor Decl. ¶ 8. This confidential technical information relates to revenue, fees, and impressions flowing through or concerning Daily Mail and Gannett's use of ad tech products, including with regard to specific advertisers and ad tech companies. *See Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (redacting statements related to sales and revenue, analytical testing, market research, and research and development of new products because the producing party would be "competitively harmed if they were revealed").

*Second*, Daily Mail and Gannett requests narrowly tailored redactions to and sealing of material that reflects competitive strategy, including Daily Mail's and Gannett's relationships with particular clients, contract and negotiation details, and internal competitive analyses. *See* M. Wheatland Decl. ¶ 8; J. Taylor Decl. ¶ 8. This information includes discussions of privacy

5

policy and strategy, client relationship details and terms, and industry analysis. *See*, *e.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redactions "to specific business information and strategies" which "relate to confidential business Information").

*Third*, Daily Mail and Gannett request narrowly tailored redactions to material that reflects implementation details for current proprietary product optimizations, features, and product strategy as well as design information for the ad tech platforms that they use. *See* M. Wheatland Decl. ¶ 8; J. Taylor Decl. ¶ 8; *Playtex*, 2016 WL 1276450, at *11 (permitting redactions for "analytical testing" and "research and development for new products"); *AngioDynamics, Inc. v. C.R. Bard, Inc.*, 2021 WL 776701, at *6, *8 (N.D.N.Y. Mar. 1, 2021) ("[I]nternal, confidential market share analysis is certainly competitively sensitive information that may be kept under seal.").

*Fourth*, Daily Mail and Gannett request narrowly tailored redactions of current customer information or strategy. Disclosure of this information could significantly harm Daily Mail and Gannett's relationships, and place Daily Mail and Gannett at a disadvantage with competitors, who could use Daily Mail and Gannett's confidential analyses to their advantage. *See* M. Wheatland Decl. ¶ 8; J. Taylor Decl. ¶ 8; *see also Keurig*, 2014 WL 12772236, at *2 (sealing sales and customer data).

*Finally*, Daily Mail requests redaction of irrelevant and non-probative information meant only to harass Daily Mail. The opinion of Daily Mail and Gannett's computer science expert on the nature of a particular piece of content from 2015 is not relevant to any issue in this case and should remain sealed. *See* Yung Ex. 30; *Abraham v. Leigh*, 2020 WL 5095655, at *2, *10

6

(S.D.N.Y. Aug. 28, 2020) (information "irrelevant to the legal issues" will not be unsealed for "score-settling").

## CONCLUSION

For the foregoing reasons, Daily Mail and Gannett respectfully request that the Court permit Daily Mail and Gannett to redact certain portions of the materials filed herewith in order to prevent the disclosure of non-public information that, if revealed, would significantly harm the privacy interests of Daily Mail's and Gannett's employees and the competitive interests of Daily Mail's and Gannett's business.

| | |
|---|---|
| Date:  August 15, 2025 | Respectfully submitted, |
| | |
| | */s/ John Thorne* |
| | John Thorne |
| | Daniel G. Bird |
| | Bethan R. Jones |
| | Christopher C. Goodnow |
| | Mark P. Hirschboeck |
| | Eliana Margo Pfeffer |
| | Eric J. Maier |
| | Sven E. Henningson |
| | Jonathan I Liebman |
| | Kyle B. Grigel |
| | KELLOGG, HANSEN, TODD, FIGEL |
| | & FREDERICK, P.L.L.C. |
| | 1615 M Street NW, Suite 400 |
| | Washington, DC 20036 |
| | Tel.: (202) 326-7900 |
| | Fax: (202) 326-7999 |
| | Email: jthorne@kellogghansen.com |
| | dbird@kellogghansen.com |
| | bjones@kellogghansen.com |
| | cgoodnow@kellogghansen.com |
| | mhirschboeck@kellogghansen.com |
| | epfeffer@kellogghansen.com |
| | emaier@kellogghansen.com |
| | shenningson@kellogghansen.com |
| | jliebman@kellogghansen.com |
| | kgrigel@kellogghansen.com |
| | |
| | *Counsel for Associated Newspapers Ltd., Mail Media, Inc., and Gannett Co., Inc.* |