UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION** | No. 1:21-md-3010 (PKC) |

*This Document Relates To:*

| | |
|---|---|
| **IN RE: GOOGLE DIGITAL PUBLISHER ANTITRUST LITIGATION** | No. 1:21-cv-07034 (PKC) |
| **ASSOCIATED NEWSPAPERS LTD. v. GOOGLE LLC** | No. 1:21-cv-03446 (PKC) |
| **GANNETT CO., INC. v. GOOGLE LLC** | No. 1:23-cv-05177 (PKC) |

**GOOGLE'S OMNIBUS RESPONSE TO PLAINTIFFS' MOTIONS TO SEAL MEMORANDA OF LAW IN SUPPORT OF THEIR MOTIONS FOR LEAVE TO AMEND THEIR COMPLAINTS**

Pursuant to Rule 5 of this Court's Individual Practices and paragraph 21 of the Modified Confidentiality Order, ECF No. 685 at 25, Defendants Google LLC, Alphabet Inc., and YouTube, LLC ("Google") file this Omnibus Response to: (1) Publisher Plaintiffs' Letter Motion to Seal Publisher Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Leave to File Their Second Amended Consolidated Class Action Complaint and certain exhibits to the declaration of Izaak Earnhardt ("Earnhardt Declaration"), filed contemporaneously therewith, ECF No. 1121 (August 28, 2025); and (2) Plaintiffs Daily Mail and Gannett's Motion to Provisionally File Under Seal Portions of Daily Mail and Gannett's Memorandum of Law in Support of Their Motion to Amend Their Complaints and Supporting Exhibits, ECF No. 1127 (August 28, 2025) (collectively, Plaintiffs' "Sealing Motions"). In support of this Omnibus Response Google submits Declarations of Ali Amini, Dan Taylor, and Glenn Berntson.

## INTRODUCTION

Google submits this Omnibus Response seeking permission to keep under seal certain material contained in the filings described above, to prevent the disclosure of specific non-public information that would, if disclosed, harm the privacy interests of Google's employees and the competitive interests of Google's business. Google's proposed redactions are highlighted in the Exhibits filed contemporaneously herewith.[1]

Google proposes to redact certain internal Google documents, transcripts of depositions, expert reports, and filings by Plaintiffs Daily Mail and Gannett and Publisher Plaintiffs, which refer to non-public Google data, revenue and operational figures, details of specific customer relationships, and competitive analyses. As to those documents, Google proposes narrowly-

---

[1] Google's proposed redactions to its own information are identified with yellow highlighting. Consistent with the governing Modified Protective Order, ECF No. 685, Google also proposes to redact any information produced by nonparties to this action that is designated as Confidential or Highly Confidential, which is identified with green highlighting. Google takes no position on the confidentiality (or otherwise) of third party information.

tailored redactions reflecting (i) the names and personal information of Google employees who are not high-level executives, and (ii) Google's competitively sensitive business and technical information.

Google respectfully submits that these details are not necessary for the public to understand and evaluate the disputes raised by Plaintiffs' filings, which focus on the alleged anticompetitive effects of Google's conduct on the prospective classes alleged and Plaintiffs' motions for leave to amend their complaints, not the specific individuals involved in the business or the precise technical specifications of certain product design features. In deference to the First Amendment interests at issue, Google has endeavored to narrowly tailor the proposed redactions in a manner that is consistent with the Second Circuit standard in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

## **LEGAL STANDARD**

In considering requests to seal or redact "judicial documents," Second Circuit courts must balance "the weight of the presumption" of public access against any "countervailing factors." *See Lugosch*, 435 F.3d at 119-120. Such factors include "the degree to which the subject matter is traditionally considered private rather than public" and the "nature and degree of injury" that might result from disclosure. *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1051 (2d Cir. 1995). As the Court has previously recognized, the "right of access is not absolute . . . and the weight afforded to the presumption may vary, depending on the document's role in the judicial process." ECF No. 147 at 3–4 (quoting *Lugosch*, 435 F.3d at 121).

The "privacy interests of innocent third parties . . . should weigh heavily." *Amodeo II*, 71 F.3d at 1050 (citation omitted); *accord S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001). As this Court previously recognized, "the names [and] job titles . . . of . . . Google employees" have "no apparent bearing on any issue in this dispute" and, accordingly, the "privacy interests of

2

these Google employees outweigh[] the strong presumption of public access." ECF No. 147 at 9 (granting Google's motion to seal such information). This ruling is consistent with holdings from other Second Circuit courts, which frequently find that it is appropriate to redact personal information when the identity of the individual is not at issue. *See, e.g., Lohnn v. Int'l Bus. Machines Corp.*, No. 21-CV-6379 (LJL), 2022 WL 36420, at *17 (S.D.N.Y. Jan. 4, 2022) (finding that "the names and titles of executives, managers, and other IBM employees . . . should be redacted"); *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378 (PKC), 2019 WL 10984156, at *2 (S.D.N.Y. Mar. 11, 2019) (finding that "names . . . of third parties were immaterial . . . and thus redaction of this information is warranted").

Another interest that can outweigh the presumption of access and warrant sealing is "the protection of competitively sensitive business information." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-CV-11386 (VSB) (KHP), 2023 WL 5054602, at *2 (S.D.N.Y. Aug. 8, 2023). "The need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute such an interest [warranting redaction]." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014). Second Circuit courts can and do grant motions to redact portions of documents that contain commercially sensitive or confidential information. *See, e.g.*, *Stegmann ex rel. Covetrus, Inc. v. Wolin*, No. 21-CV-1717, 2021 WL 1838219, at *2 (E.D.N.Y. May 7, 2021) (permitting redactions to a complaint, which drew on internal documents, to "protect against disclosure of confidential and commercially sensitive information that would cause [the company] competitive harm"); *Regeneron Pharms., Inc. v. Novartis Pharma AG*, No. 20-CV-05502, 2021 WL 243943 (S.D.N.Y. Jan. 25, 2021) (permitting redactions to a complaint that were "narrowly tailored to protect competitive business information"); *see also Amodeo II*, 71 F.3d at 1050 ("Commercial competitors seeking an

3

advantage over rivals need not be indulged in the name of monitoring the courts."); *accord In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014).

## ARGUMENT

For the reasons set forth below, the Court should order that narrowly-tailored redactions should be applied to the publicly-filed versions of the documents implicated by the Sealing Motions.

**I. The Court should Order that nonpublic personal information related to Google employees, and other sensitive information that is not relevant to this dispute, can be redacted.**

Google seeks to redact the names and personal information of Google employees, including email address, phone numbers, and job titles. These employees are third parties to this action and are not relevant to the underlying motions at issue or the substantive facts of this dispute. *See Lohnn*, 2022 WL 36420, at *17; *Valassis*, 2019 WL 10984156, at *2. If the redacted personal information were disclosed publicly, these individuals could be exposed to unwanted and unnecessary attention, solicitation, and harassment. Accordingly, the "privacy interests of these Google employees outweigh[] the strong presumption of public access." ECF No. 147 at 9. The same is true of personal information related to the backgrounds, performance reviews, and personal financial information of those employees. *See id.*[2]

For these reasons, as set forth in the Exhibits filed contemporaneously herewith, Google has proposed redactions to names and personal information of Google employees revealed in the following document filed by Plaintiffs: Exhibit 3 to the Earnhardt Declaration.

**II. The Court should Order that narrowly-tailored redactions can be applied to protect Google's nonpublic competitively sensitive business information.**

---

[2] Consistent with this Court's prior Order, ECF No. 189, Google has not proposed to redact the names of employees who are high level executives.

Aside from the names and personal information of Google employees, Google also requests narrowly-tailored redactions necessary to protect its competitively sensitive business information. The specific documents for which Google seeks redaction or sealing are filed contemporaneously herewith and identified in the accompanying Declarations of Ali Amini, Glenn Berntson, and Dan Taylor.

*First*, Google requests narrowly-tailored redactions to protect its non-public data, including as related to optimizations and experiments. Declaration of Ali Amini at 2-3; Declaration of Glenn Berntson at 2-3. This confidential technical information relates to revenue, fees, and impressions flowing through or concerning Google's products, including with regard to specific advertisers, publishers, or ad tech companies. *See Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-CV-1308 (RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (redacting statements related to sales and revenue, analytical testing, market research, and research and development of new products because the producing party would be "competitively harmed if they were revealed").

*Second*, Google requests narrowly-tailored redactions to material that reflects competitive strategy, including Google's relationships with particular clients, contract and negotiation details, and internal competitive analyses. Declaration of Dan Taylor at 3. This information includes discussions of privacy policy and strategy, client relationship details and terms, and industry analysis. *See, e.g., Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redactions "to specific business information and strategies" which "relate to confidential business Information").

*Third*, Google requests narrowly-tailored redactions of specific revenue and operational figures. Disclosure of this information could significantly harm Google's relationships, and place Google at a disadvantage with competitors, who could use Google's confidential analyses to their

5

advantage. Declaration of Dan Taylor at 2-3. *See Playtex*, 2016 WL 1276450, at *11; *see also Mahood v. Noom*, No. 20-CV-3677 (LGS) (KHP), 2021 WL 214299 (S.D.N.Y. Jan. 20, 2021) (permitting redaction of usage and revenue data); *AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 17-CV-00598 (BKS) (CFH), 2021 WL 776701, at *6, *8 (N.D.N.Y. Mar. 1, 2021) (noting that "internal, confidential market share analysis is certainly competitively sensitive information that may be kept under seal" and permitting sealing of pricing, sales, and revenue figures); *In re Keurig*, 2014 WL 12772236, at *2 (sealing sales and customer data).

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court permit Google to redact certain portions of the materials attached herewith in order to prevent the disclosure of non-public information that, if revealed, would significantly harm the privacy interests of Google's employees and the competitive interests of Google's business.

Dated: September 18, 2025

Respectfully submitted,

*/s/ Christopher Erickson*
Christopher Erickson
Eva Yung
Craig M. Reiser
AXINN, VELTROP & HARKRIDER LLP
630 Fifth Avenue, 33rd Floor
New York, New York 10111
Telephone: (212) 728-2200
Email: cerickson@axinn.com
    eyung@axinn.com
    creiser@axinn.com

Bradley D. Justus
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 469-3532
Email: bjustus@axinn.com

Daniel S. Bitton
AXINN, VELTROP & HARKRIDER LLP
55 Second Street
San Francisco, CA 94105
Telephone: (415) 490-1486
Email: dbitton@axinn.com

Justina K. Sessions**
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
Email: justina.sessions@freshfields.com

Eric Mahr**
Andrew J. Ewalt**
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com
         andrew.ewalt@freshfields.com

*Counsel for Defendants Google LLC, Alphabet Inc., and YouTube, LLC*

**Except as to Associated Newspapers Ltd., et al. v. Google LLC, No. 1:21-cv-03446 (PKC)*