## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION** | **No. 1:21-md-3010 (PKC)** |

*This Document Relates To:*

| | |
|---|---|
| **ASSOCIATED NEWSPAPERS LTD.,** *et al.* **v. GOOGLE LLC,** *et al.* | **No. 1:21-cv-03446 (PKC)** |
| **GANNETT CO., INC. v. GOOGLE LLC,** *et al.* | **No. 1:23-cv-05177 (PKC)** |

**GOOGLE'S RESPONSE TO PLAINTIFFS' DAILY MAIL
AND GANNETT'S MOTION TO PROVISIONALLY FILE
UNDER SEAL DAILY MAIL AND GANNETT'S MEMORANDUM
IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY
JUDGMENT ON GOOGLE'S AFFIRMATIVE DEFENSES, RULE 56.1
STATEMENT, AND EXHIBITS TO THE DECLARATION OF ERIC J. MAIER**

Pursuant to Rule 5 of this Court's Individual Practices and paragraph 21 of the Modified Confidentiality Order, ECF No. 685 at 25, Defendants Google LLC, Alphabet Inc., and YouTube, LLC ("Google") file this Response to: Plaintiffs Daily Mail and Gannett's Motion to Provisionally File Under Seal Daily Mail and Gannett's Memorandum in Support of Their Motion for Partial Summary Judgment on Google's Affirmative Defenses, Rule 56.1 Statement, and Exhibits to the Declaration of Eric J. Maier, ECF No. 1253 (December 1, 2025).

## INTRODUCTION

Google submits this Response seeking permission to keep under seal certain material contained in the filings described above, to prevent the disclosure of specific non-public information that would, if disclosed, harm the privacy interests of Google's employees and the competitive interests of Google's business. Google's proposed redactions are highlighted in the Exhibits filed contemporaneously herewith.[1]

Google proposes narrowly tailored redactions to one deposition transcript reflecting the names and personal information of Google employees who are not high-level executives. Google respectfully submits that these details are not necessary for the public to understand and evaluate the disputes raised by Gannett's and Daily Mail's filings, which focus on whether Gannett and Daily Mail are entitled to partial summary judgment on Google's unclean hands and failure to mitigate defenses. In deference to the First Amendment interests at issue, Google has endeavored to narrowly tailor the proposed redactions in a manner that is consistent with the Second Circuit standard in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

---

[1] Google's proposed redactions to its own information are identified with yellow highlighting.

## **LEGAL STANDARD**

In considering requests to seal or redact "judicial documents," Second Circuit courts must balance "the weight of the presumption" of public access against any "countervailing factors." *See Lugosch*, 435 F.3d at 119–20. Such factors include "the degree to which the subject matter is traditionally considered private rather than public" and the "nature and degree of injury" that might result from disclosure. *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1051 (2d Cir. 1995). As the Court has previously recognized, the "right of access is not absolute . . . and the weight afforded to the presumption may vary, depending on the document's role in the judicial process." ECF No. 147 at 3–4 (quoting *Lugosch*, 435 F.3d at 121).

The "privacy interests of innocent third parties . . . should weigh heavily." *Amodeo II*, 71 F.3d at 1050 (citation omitted); *accord S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001). As this Court previously recognized, "the names [and] job titles . . . of . . . Google employees" have "no apparent bearing on any issue in this dispute" and, accordingly, the "privacy interests of these Google employees outweigh[] the strong presumption of public access." ECF No. 147 at 9 (granting Google's motion to seal such information). This ruling is consistent with holdings from other Second Circuit courts, which frequently find that it is appropriate to redact personal information when the identity of the individual is not at issue. *See, e.g., Lohnn v. Int'l Bus. Machines Corp.*, 2022 WL 36420, at *17 (S.D.N.Y. Jan. 4, 2022) (finding that "the names and titles of executives, managers, and other IBM employees . . . should be redacted"); *Valassis Commc'ns, Inc. v. News Corp.*, 2019 WL 10984156, at *2 (S.D.N.Y. Mar. 11, 2019) (finding that "names . . . of third parties were immaterial . . . and thus redaction of this information is warranted").

2

## ARGUMENT

For the reasons set forth below, the Court should order that narrowly-tailored redactions should be applied to the publicly-filed versions of the document implicated here.

**I.    The Court should Order that nonpublic personal information related to Google employees, and other sensitive information that is not relevant to this dispute, can be redacted.**

Google seeks to redact the names and personal information of Google employees. These employees are third parties to this action and are not relevant to the underlying motions at issue or the substantive facts of this dispute. *See Lohnn*, 2022 WL 36420, at \*17; *Valassis*, 2019 WL 10984156, at \*2. If the redacted personal information were disclosed publicly, these individuals could be exposed to unwanted and unnecessary attention, solicitation, and harassment. Accordingly, the "privacy interests of these Google employees outweigh[] the strong presumption of public access." ECF No. 147 at 9.[2]

For these reasons, as set forth in the Exhibit filed contemporaneously herewith, Google has proposed redactions to names and personal information of Google employees revealed in the following document filed by Plaintiffs: Exhibit 14 to the Maier Declaration, ECF 1261-14.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court permit Google to redact certain portions of the materials attached herewith in order to prevent the disclosure of non-public information that, if revealed, would significantly harm the privacy interests of Google's employees.

---

[2] Consistent with this Court's prior Order, ECF No. 189, Google has not proposed to redact the names of employees who are high level executives.

3

Dated: December 22, 2025

Respectfully Submitted,

*/s/ Allison Vissichelli*
Bradley D. Justus
Allison Vissichelli
AXINN, VELTROP & HARKRIDER LLP
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 469-3532
Email: bjustus@axinn.com
          avissichelli@axinn.com

Craig M. Reiser
Denise Plunkett
Eva Yung
Christopher Erickson
AXINN, VELTROP & HARKRIDER LLP
630 Fifth Avenue, 33rd Floor
New York, New York 10111
Telephone: (212) 728-2200
Email: creiser@axinn.com
      dplunkett@axinn.com
      eyung@axinn.com
      cerickson@axinn.com

Daniel S. Bitton
AXINN, VELTROP & HARKRIDER LLP
55 Second Street, CA 94105
Telephone: (415) 490-1486
Email: dbitton@axinn.com

Caroline P. Boisvert
AXINN, VELTROP & HARKRIDER LLP
90 State House Square
Hartford, CT 06103
Telephone: (860) 275-8129
Email: cboisvert@axinn.com

*/s/ Justina K. Sessions*
Justina K. Sessions**
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: 650-618-9250
Email: justina.sessions@freshfields.com

Counsel for Defendants Google LLC and
Alphabet Inc.

*\*\*Except as to Associated Newspapers Ltd.,
et al. v. Google LLC, No. 1:21-cv-03446
(PKC)*