**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION** | **No. 1:21-md-3010 (PKC)** |

*This Document Relates to:*

| | |
|---|---|
| **IN RE: GOOGLE DIGITAL PUBLISHER ANTITRUST LITIGATION** | **No. 1:21-cv-07034 (PKC)** |
| **INFORM INC. v. GOOGLE LLC,** *et al.* | **No. 1:23-cv-01530 (PKC)** |
| **ASSOCIATED NEWSPAPERS LTD.,** *et al.* **v. GOOGLE LLC,** *et al.* | **No. 1:21-cv-03446 (PKC)** |
| **GANNETT CO., INC. v. GOOGLE LLC,** *et al.* | **No. 1:23-cv-05177 (PKC)** |

**DEFENDANTS GOOGLE LLC, ALPHABET INC., AND YOUTUBE, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS OMNIBUS MOTION TO FILE UNDER SEAL MATERIAL RELATED TO SUMMARY JUDGMENT**

Pursuant to Rule 5 of this Court's Individual Practices and paragraph 21 of the Modified Confidentiality Order, ECF No. 685 at 25, Defendants Google LLC, Alphabet Inc., and YouTube, LLC ("Google") file this Brief in Support of its Omnibus Motion to File Under Seal Materials Related to Google's Motions for Summary Judgment.

Google seeks to maintain under seal material contained in:

1) Publisher Plaintiffs' Responses and Counterstatements to Google's Rule 56.1 Statement;

2) Publisher Plaintiffs' Statement of Additional Material Facts Pursuant to Local Rule 56.1(b);

3) Declaration of Izaak Earnhardt in Support of Publisher Plaintiffs' Memorandum in Opposition to Google's Motion for Summary Judgment on Publishers' Second Amended Consolidated Class Action Complaint ("Earnhardt Declaration");

4) Defendants Google LLC, Alphabet Inc., and YouTube, LLC's Response to Publisher Plaintiffs' Statement of Additional Material Facts Pursuant to Local Rule 56.1;

5) Defendants Google LLC, Alphabet Inc., and YouTube, LLC's Memorandum of Law in Support of Their Motion in Limine to Exclude the Opinions of Publisher Experts Einer Elhauge and Anand Das;

6) Declaration of Andrew W. Henderson in Further Support of Defendants Google LLC, Alphabet Inc., and YouTube, LLC's Motion for Summary Judgment on Publishers' Second Amended Consolidated Class Action Complaint and Motion in Limine to Exclude the Opinions of Publisher Experts Einer Elhauge and Anand Das ("Henderson Declaration");

7) Plaintiffs' Response Memorandum of Law in Opposition to Defendants' Motion in Limine to Exclude Certain Opinions of Publisher Experts Einer Elhauge and Anand Das;

8) Plaintiff Inform, Inc.'s Rule 56.1 Statement of Material Facts in Dispute

9)   Declaration of Serina M. Vash in Support of Plaintiff Inform Inc.'s Response to Motion for Summary Judgment ("Vash Declaration");

10)   Defendants Google LLC, Alphabet Inc., and YouTube, LLC's Response to Inform's Statement of Additional Facts Pursuant to Local Rule 56.1(b);

11)   Declaration of Veronica M. Bosco in Further Support of Defendants Google LLC, Alphabet Inc., and YouTube, LLC's Motion for Summary Judgment on Inform's Fourth Amended Complaint ("Bosco Declaration");

12)   Plaintiffs Daily Mail and Gannett's Opposition to Defendants Google LLC and Alphabet Inc.'s Motion for Summary Judgment on All Claims Asserted by Plaintiffs Daily Mail and Gannett;

13)   Plaintiffs Daily Mail and Gannett's Counterstatement to Defendants' Rule 56.1 Statement of Undisputed Material Facts in Support of Their Motion for Summary Judgment on All Claims Asserted by Plaintiffs;

14)   Plaintiffs Daily Mail and Gannett's Rule 56.1 Corrected Statement of Genuine Issues in Support of Their Opposition to Defendants' Motion for Summary Judgment on All Claims Asserted by Plaintiffs;

15)   Defendants Google LLC and Alphabet Inc.'s Reply Memorandum of Law in Support of Their Motion for Summary Judgment on All Claims Asserted by Plaintiffs Daily Mail and Gannett;

16)   Defendants Google LLC and Alphabet Inc.'s Response to Daily Mail and Gannett's Rule 56.1 Corrected Statement of Genuine Issues;

17)   Declaration of Eric J. Maier in Support of Plaintiffs Daily Mail and Gannett's Opposition to Defendants Google LLC and Alphabet Inc.'s Motion for Summary Judgment on All

Claims Asserted by Plaintiffs Daily Mail and Gannett ("Maier Declaration"); and

18)    Exhibits to the Declarations.[1]

In support of its Sealing Motion, Google submits the Declarations of Ali Amini, Dan Taylor, and Glenn Berntson.

## INTRODUCTION

Google submits this Sealing Motion seeking permission to file, on the public docket, the materials described above with narrowly tailored sealing requests or redactions to prevent the disclosure of specific non-public information that would, if disclosed, harm the privacy interests of Google's employees and the competitive interests of Google's business. Google's proposed redactions are highlighted in the materials filed contemporaneously herewith.[2]

Google proposes to redact certain internal Google documents, transcripts of depositions of expert and fact witnesses, and expert reports, which refer to non-public Google data, revenue and operational figures, details of specific customer relationships, and competitive analysis.  As to those documents, Google proposes narrowly-tailored redactions reflecting (I) the names and personal information of Google employees who are not high-level executives, and certain other private information that is not relevant to this dispute (such as URLs or other links that might be used to seek access to internal Google documents); and (II) Google's competitively sensitive business and technical information.

Google respectfully submits that these details are not necessary for the public to understand

---

[1] Plaintiff Inform, Inc. has not served Google with copies of Exhibits 45, 58, 59, 60, 66, 82, 95, or 98 to the Vash Declaration. Google respectfully requests that these Exhibits remain under seal in their entirety until Google is given the opportunity to review and propose redactions.

[2] Google's proposed redactions to its own information are identified with yellow highlighting. Consistent with the governing Modified Protective Order, ECF No. 685, Google also redacts any information designated as Confidential or Highly Confidential by Plaintiffs or nonparties to this actions, who may file separate motions to seal this information concurrent to Google's Sealing Motion. *See* ECF Nos. 1344; 1345. This information is identified with green highlighting.

and evaluate the disputes raised by these filings, which focus on the alleged anticompetitive effects of Google's conduct and Google's motion for summary judgment, not the specific individuals involved in the business or the precise technical specifications of certain product design features. In deference to the First Amendment interests at issue, Google has narrowly tailored the proposed redactions in a manner that is consistent with the Second Circuit standard in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

## LEGAL STANDARD

In considering requests to seal or redact "judicial documents," Second Circuit courts must balance "the weight of the presumption" of public access against any "countervailing factors." *See Lugosch*, 435 F.3d at 119-120. Such factors include "the degree to which the subject matter is traditionally considered private rather than public" and the "nature and degree of injury" that might result from disclosure. *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1051 (2d Cir. 1995). As the Court has previously recognized, the "right of access is not absolute . . . and the weight afforded to the presumption may vary, depending on the document's role in the judicial process." ECF No. 147 at 3–4 (quoting *Lugosch*, 435 F.3d at 121).

The "privacy interests of innocent third parties . . . should weigh heavily." *Amodeo II*, 71 F.3d at 1050 (citation omitted); *accord S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001). As the Court previously recognized, "the names . . . of . . . Google employees" have "no apparent bearing on any issue in this dispute" and, accordingly, the "privacy interests of these Google employees outweigh[] the strong presumption of public access." ECF No. 147 at 9. This ruling is consistent with holdings from other Second Circuit courts, which frequently find that it is appropriate to redact personal information when the identity of the individual is not at issue. *See, e.g., Lohnn v. Int'l Bus. Machines Corp.*, 2022 WL 36420, at *17 (S.D.N.Y. Jan. 4, 2022) (finding that "the names and titles of executives, managers, and other IBM employees . . . should be

4

redacted"); *Valassis Commc'ns, Inc. v. News Corp.*, 2019 WL 10984156, at *2 (S.D.N.Y. Mar. 11, 2019) (finding that "names . . . of third parties were immaterial . . . and thus redaction of this information is warranted").

Another interest that can outweigh the presumption of access and warrant sealing is "the protection of competitively sensitive business information." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2023 WL 5054602, at *2 (S.D.N.Y. Aug. 8, 2023). "The need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute such an interest [warranting redaction]." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014). Second Circuit courts can and do grant motions to redact portions of documents that contain commercially sensitive or confidential information. *See, e.g.*, *Stegmann ex rel. Covetrus, Inc. v. Wolin*, 2021 WL 1838219, at *2 (E.D.N.Y. May 7, 2021) (permitting redactions to a complaint, which drew on internal documents, to "protect against disclosure of confidential and commercially sensitive information that would cause [the company] competitive harm"); *Regeneron Pharms., Inc. v. Novartis Pharma AG*, 2021 WL 243943 (S.D.N.Y. Jan. 25, 2021) (permitting redactions to a complaint that were "narrowly tailored to protect competitive business information"); *see also Amodeo II*, 71 F.3d at 1050 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts."); *accord In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 WL 12772236, at *2.

## ARGUMENT

For the reasons set forth below, the Court should order that narrowly tailored redactions should be applied to the publicly-filed versions of the documents implicated by Google's Sealing Motion. In addition, the Court previously ordered sealing of certain portions of Exhibits 1, 2, 3, 5, 6, 9, and 118 to the Maier Declaration when they were filed as part of Google's opening summary

judgment motion materials, ECF No. 1605, and should do so here again.

**I.     The Court should order that nonpublic personal information related to Google employees, and other sensitive information that is not relevant to this dispute, can be redacted.**

Google seeks to redact the names and personal information of Google employees, including email address, phone numbers, and job titles.  These employees are third parties to this action and are not relevant to the underlying motions at issue or the substantive facts of this dispute. *See Lohnn*, 2022 WL 36420, at *17; *Valassis*, 2019 WL 10984156, at *2. If the redacted personal information were disclosed publicly, these individuals could be exposed to unwanted and unnecessary attention, solicitation, and harassment. Accordingly, the "privacy interests of these Google employees outweigh[] the strong presumption of public access." ECF No. 147 at 9.[3]

Similar privacy interests support the redaction of URLs and links in Google's documents. If revealed, members of the public could use those links to seek or request access to internal Google documents and materials stored on Google's systems. *See Mark v. Gawker Media LLC*, No. 13-CV-4347 (AJN), 2015 WL 7288641, at *2 (S.D.N.Y. Nov. 16, 2015) (permitting redaction of "internal [company] URLs"). Those URLs and links are not necessary for the public to evaluate the relevant facts in this dispute, and so on balance the Court should order that these, too, can be redacted. *See Valassis*, 2019 WL 10984156, at *2  (finding redaction appropriate where redacted materials "were immaterial to [the underlying] motion").

For these reasons, as set forth in the Exhibits filed contemporaneously herewith, Google has proposed redactions to names and personal information of Google employees and URLs revealed in the following documents: 1) Publisher Plaintiffs' Responses and Counterstatements to Google's Rule 56.1 Statement; 2) Publisher Plaintiffs' Statement of Additional Material Facts

---

[3] Consistent with this Court's prior Order, ECF No. 189, Google has not proposed to redact the names of employees who are high level executives.

Pursuant to Local Rule 56.1(b); 3) Defendants Google LLC, Alphabet Inc., and YouTube, LLC's Response to Publisher Plaintiffs' Statement of Additional Material Facts Pursuant to Local Rule 56.1; 4) Defendants Google LLC, Alphabet Inc., and YouTube, LLC's Memorandum of Law in Support of Their Motion in Limine to Exclude the Opinions of Publisher Experts Einer Elhauge and Anand Das; 5) Plaintiffs' Response Memorandum of Law in Opposition to Defendants' Motion in Limine to Exclude Certain Opinions of Publisher Experts Einer Elhauge and Anand Das; 6) Plaintiffs Daily Mail and Gannett's Opposition to Defendants Google LLC and Alphabet Inc.'s Motion for Summary Judgment on All Claims Asserted by Plaintiffs Daily Mail and Gannett; 7) Plaintiffs Daily Mail and Gannett's Counterstatement to Defendants' Rule 56.1 Statement of Undisputed Material Facts in Support of Their Motion for Summary Judgment on All Claims Asserted by Plaintiffs; 8) Plaintiffs Daily Mail and Gannett's Rule 56.1 Corrected Statement of Genuine Issues in Support of Their Opposition to Defendants' Motion for Summary Judgment on All Claims Asserted by Plaintiffs; 9) Defendants Google LLC and Alphabet Inc.'s Reply Memorandum of Law in Support of Their Motion for Summary Judgment on All Claims Asserted by Plaintiffs Daily Mail and Gannett; 10) Defendants Google LLC and Alphabet Inc.'s Response to Daily Mail and Gannett's Rule 56.1 Corrected Statement of Genuine Issues; 11) the Earnhardt Declaration; 12) Plaintiff Inform, Inc.'s Rule 56.1 Statement of Material Facts in Dispute; 13) Defendants Google LLC, Alphabet Inc., and YouTube, LLC's Response to Inform's Statement of Additional Facts Pursuant to Local Rule 56.1(b) 14) the Vash Declaration; 15) the Bosco Declaration; 16) the Maier Declaration, 17) Exhibits 2, 3, 4, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 29, 30, 31, 43, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 60, 62, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 98, 100, 101, 102, 103, 105, 107, 108, 109, 110, 111, 113, 114, 115, 116, 117, 118,

7

119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 130, 131, 132, 133, 134, 135, 136, 138, 139, 141, 142, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 162, 163, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 178, 179, 180, 183, 185, 186, 187, 189, 190, 191, 207, 208, and 209 attached to the Earnhardt Declaration; 18) Exhibits 1, 3, 5, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 20, 21, 22, 23, 24, 25, 26, 27, 28, 30, 31, 33, 34, 35, 37, 39, 40, 41, 42, 43, 44, 47, 48, 49, 50, 51, 52, 53, 54, 56, 57, 62, 63, 64, 65, 68, 69, 71, 72, 74, 75, 76, 77, 78, 79, 80, 83, 84, 85, 86, 87, 88, 89, 90, 91, 97, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 110, 112, 113, 114, 121, and 122 attached to the Vash Declaration; 19) Exhibits 87 and 91 attached to the Henderson Declaration; 20) Exhibits 100, 101, 102, 103, 104, 108, 109, 110, 112, and 113 attached to the Bosco Declaration; and 21) Exhibits 1, 2, 3, 4, 5, 6, 14, 15, 16, 17, 20, 21, 22, 23, 24, 25, 26, 31, 32, 33, 34, 35, 36, 37, 39, 40, 41, 43, 45, 46, 47, 49, 50, 51, 52, 53, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 76, 77, 78, 79, 80, 81, 83, 84, 85, 86, 87, 89, 90, 92, 93, 94, 95, 104, 105, 106, 107, 108, 109, 110, 111, 112, 115, 117, 118, 119, 122, 123, 125, 126, 127, 128, 129, 130, 134, 135, 136, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 154, 156, 158, 159, 160, 163, 164, 166, 167, 168, 171, 172, 174, 176, 178, 179, 181, 182, 183, 194, 195, 197, 200, 201, 202, 204, 205, 206, 207, 209, 209, 210, 222, 223, 224, 225, 227, and 229 attached to the Maier Declaration.

## II.    The Court should order that narrowly tailored redactions can be applied to protect Google's nonpublic competitively sensitive business information.

Aside from the names and personal information of Google employees—and URLs or other links that might be used to seek access to internal Google documents—Google also requests narrowly tailored redactions necessary to protect its competitively sensitive business information. The specific documents for which Google seeks redaction or sealing are filed contemporaneously herewith and identified in the accompanying Declarations of Ali Amini, Glenn Berntson, and Dan

Taylor.

*First*, Google requests narrowly tailored redactions to protect its non-public data, including as related to optimizations and experiments. Declaration of Ali Amini at 2-4; Declaration of Glenn Berntson at 2-3. This confidential technical information relates to revenue, fees, and impressions flowing through or concerning Google's products, including with regard to specific advertisers, publishers, or ad tech companies. *See Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (redacting statements related to sales and revenue, analytical testing, market research, and research and development of new products because the producing party would be "competitively harmed if they were revealed.").

*Second*, Google requests narrowly tailored redactions to and sealing of material that reflects competitive strategy, including Google's relationships with and strategy regarding particular clients, contracts and negotiation details, and internal competitive analyses. Declaration of Dan Taylor at 2-5. This information includes discussions of privacy policy and strategy, client relationship details and terms, and industry analysis. *See, e.g., Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redactions "to specific business information and strategies" which "relate to confidential business Information").

*Third*, Google requests narrowly tailored redactions to material that reflects implementation details for current proprietary product optimizations, features, and strategy as well as design information for Google's internal engineering and financial systems. Declaration of Ali Amini at 3-4; Declaration of Glenn Berntson at 2-3. *See Playtex*, 2016 WL 1276450, at *11 (permitting redactions for "analytical testing" and "research and development for new products").

*Fourth*, Google requests narrowly tailored redactions of specific revenue and operational figures. Disclosure of this information could significantly harm Google's relationships, and place

Google at a disadvantage with competitors, who could use Google's confidential analyses to their advantage. Declaration of Dan Taylor at 2-5. *See Playtex*, 2016 WL 1276450, at *11; *see also Mahood v. Noom*, 2021 WL 214299 (S.D.N.Y. Jan. 20, 2021) (permitting redaction of usage and revenue data); *AngioDynamics, Inc. v. C.R. Bard, Inc.*, 2021 WL 776701, at *6, *8 (N.D.N.Y. Mar. 1, 2021). ("[I]nternal, confidential market share analysis is certainly competitively sensitive information that may be kept under seal") (permitting sealing of pricing, sales, and revenue figures); *In re Keurig*, 2014 WL 12772236, at *2 (sealing sales and customer data).

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court permit Google to redact certain portions of the materials filed herewith in order to prevent the disclosure of non-public information that, if revealed, would significantly harm the privacy interests of Google's employees and the competitive interests of Google's business.

Dated: April 27, 2026                                Respectfully submitted,

                                                     */s/ Allison Vissichelli*
                                                     Bradley Justus
                                                     Allison Vissichelli
                                                     AXINN, VELTROP & HARKRIDER LLP
                                                     1901 L Street, NW
                                                     Washington, DC 20036
                                                     Telephone: (202) 469-3532
                                                     Email: bjustus@axinn.com
                                                             avissichelli@axinn.com

                                                     Craig M. Reiser
                                                     AXINN, VELTROP & HARKRIDER LLP
                                                     630 Fifth Avenue, 33rd Floor
                                                     New York, New York 10111
                                                     Telephone: (212) 728-2200
                                                     Email: creiser@axinn.com

Daniel S. Bitton
AXINN, VELTROP & HARKRIDER LLP
55 Second Street, CA 94105
Telephone: (415) 490-1486
Email: dbitton@axinn.com

*Counsel for Defendants Google LLC,*
*Alphabet Inc., and YouTube, LLC*

11