**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | Case No. 1:21-md-03010 (PKC) |

*This Document Relates To:*

| | |
|---|---|
| ASSOCIATED NEWSPAPERS LTD. and MAIL MEDIA, INC., | |
| *Plaintiffs,* | Case No. 1:21-cv-03446 (PKC) |
| -against- | |
| GOOGLE LLC and ALPHABET INC., | |
| *Defendants.* | |
| GANNETT CO., INC., | |
| *Plaintiff,* | Case No. 1:23-cv-05177 (PKC) |
| -against- | |
| GOOGLE LLC and ALPHABET INC., | |
| *Defendants.* | |

**NON-PARTY VOX MEDIA, LLC'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO SEAL**

Pursuant to Rule 5 of this Court's Individual Practices and the Modified Confidentiality Order in the above-captioned multidistrict litigation, Dkt. No. 685 at ¶ 21, Non-Party Vox Media, LLC ("Vox Media") files this Memorandum of Law in Support of its Motion to Seal. Vox Media moves to keep under seal certain parts of Exhibit 1, Dkt. No. 1529-01, to the Declaration of Eric J. Maier in Support of Plaintiffs Daily Mail and Gannett's Opposition to Defendants Google LLC and Alphabet Inc.'s Motion for Summary Judgment on All Claims Asserted By Plaintiffs Daily Mail and Gannett, Dkt. No. 1529 ("Exhibit 1").

In support of its Motion to Seal, Vox Media submits the Declaration of Ryan Pauley.

**INTRODUCTION**

Vox Media seeks permission to keep under seal or redact certain information contained in Exhibit 1. Vox Media proposes narrowly tailored redactions to Exhibit 1 to prevent the disclosure of specific non-public information that would, if disclosed, harm Vox Media's competitive business interests.

On March 6, 2026, Plaintiffs Daily Mail and Gannett filed on the docket under seal Exhibit 1 as part of their filing in opposition to Google's motion for summary judgment. Daily Mail and Gannett have advised Vox Media that Exhibit 1 contains information produced by Vox Media in this action and designated as confidential or highly confidential by Vox Media.

On March 7, 2026, Plaintiffs Daily Mail and Gannett filed a motion to provisionally seal filings related to their Response in Opposition to Defendants' Motion for Summary Judgment, including Exhibit 1. *See* Dkt. No. 1518. The Court granted this motion on April 8, 2026, and ordered that any non-party wishing to keep material under seal must submit a motion to seal no later than April 27, 2026. Dkt. No. 1605 at 8, 11.

Vox Media now moves to redact or seal limited portions of Exhibit 1 that detail non-public information about Vox Media's display advertising pricing and pricing strategies. The

1

specific, narrowly tailored paragraphs and footnotes for which Vox Media seeks redaction are identified in the accompanying Declaration of Ryan Pauley filed with this Motion. Vox Media respectfully submits the details it seeks to redact are not necessary for the public to understand and evaluate the disputes raised by Plaintiffs and Defendants in their filings.

## LEGAL STANDARD

In considering requests to seal and redact "judicial documents," Second Circuit courts must balance "the weight of the presumption" of public access against any "countervailing factors." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Such factors include "the degree to which the subject matter is traditionally considered private rather than public" and the "nature and degree of injury" that might result from disclosure. *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). As the Court has previously recognized, the "right to access is not absolute . . . and the weight afforded to the presumption may vary, depending on the document's role in the judicial process." Dkt. No. 147 at 3-4 (citing *Lugosch*, 435 F.3d at 121).

The "privacy interests of innocent third parties . . . should weigh heavily." *Amodeo*, 71 F.3d at 1050 (citation omitted); *accord S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001). "[T]he protection of competitively sensitive business information" can outweigh the presumption of access and warrant redaction. *Spectrum Dynamics Med. Ltd. v. General Elec. Co.*, 2023 WL 5054602, at *2 (S.D.N.Y. Aug. 8, 2023). "The need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute such an interest [warranting redaction]." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014). Second Circuit courts can and do grant motions to redact portions of documents that contain commercially sensitive or confidential information. *See, e.g.*, *Stegmann ex rel. Covetrus, Inc. v. Wolin*, 2021 WL 1838219,

at *2 (E.D.N.Y. May 7, 2021) (permitting redactions to a complaint, which drew on internal documents, to "protect against disclosure of confidential and commercially sensitive information that would cause [the company] competitive harm"); *Regeneron Pharms., Inc. v. Novartis Pharma AG*, 2021 WL 243943 (S.D.N.Y. Jan. 25, 2021) (permitting redactions to a complaint that were "narrowly tailored to protect competitive business information"); *see also Amodeo*, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts."); *accord Keurig*, 2014 WL 12772236, at *2.

## ARGUMENT

Vox Media has a strong interest in protecting its confidential pricing data and pricing strategies and has narrowly tailored its request to avoid unnecessary redactions. The public has minimal need to see Vox Media's competitive business information, especially because that non-party information will not play a significant role in the Court's resolution of the underlying issues.

*First,* Exhibit 1 includes detailed and non-public information about Vox Media's display advertising pricing and pricing strategies. Declaration of Ryan Pauley ("Pauley Decl.") ¶ 9. If made public, this information would harm Vox Media's business interests and give its competitors an unfair advantage by revealing Vox Media's confidential pricing data and strategies. *Id.* ¶¶ 5, 9. Courts routinely redact pricing information, especially from non-parties. *See In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 81 n.1 (S.D.N.Y. 2017) ("[I]nformation . . . which concerns internal pricing strategies and competitive pricing data, is sufficiently sensitive to warrant redaction."); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (redacting non-party "pricing information" because it is the "type of information . . . [that] overcomes the presumption of public disclosure"); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (redacting statements

3

related to sales and revenue and market research because the producing party would be "competitively harmed if they were revealed"); *S.E.C. v. Telegram Grp. Inc.*, 2020 WL 3264264, at \*3 (S.D.N.Y. June 17, 2020) (Castel, J.) (redacting non-party's "proprietary business information" including its "internal financial analyses").

*Second*, the presumption of public access is weak here because Vox Media is a non-party whose confidential pricing information will not play a significant role in the Court's resolution of Defendants' summary judgment motion.  *City of Providence v. BATS Glob. Mkts., Inc.*, 2022 WL 539438, at \*3 (S.D.N.Y. Feb. 23, 2022) (finding the presumption of public access "weak" when the underlying material is "unlikely" to play a "significant" role in the court's decision); *see also S.E.C. v. Ripple Labs, Inc.*, 2023 WL 3477552, at \*9 (S.D.N.Y. May 16, 2023).

*Third*, Vox Media's redaction requests are narrowly tailored.  "A sealing request is 'narrowly tailored' when it seeks to seal *only* that information that must be sealed to preserve higher values," such as "the protection of competitively sensitive business information."  *United States v. Anthem, Inc.*, 2024 WL 3761623, at \*2 (S.D.N.Y. July 25, 2024) (citation omitted). Vox Media seeks to redact material in only four paragraphs and their accompanying footnotes that divulge the company's sensitive business information.  Pauley Decl. ¶ 8.

## CONCLUSION

For these reasons, Vox Media respectfully requests that the Court order the redaction of certain portions of Exhibit 1 or maintain the seal over Exhibit 1 in its entirety to prevent the disclosure of non-public information that, if revealed, would significantly harm Vox Media's competitive interests.

Date:  April 27, 2026

Respectfully submitted,

*/s/ John Thorne*

John Thorne
Daniel G. Bird
Bethan R. Jones
Daniel S. Severson
Christopher C. Goodnow
Eliana Margo Pfeffer
Eric J. Maier
Mark P. Hirschboeck
Matthew N. Drecun
Jonathan I. Liebman
Sven E. Henningson
Kyle B. Grigel
Rund M. Khayyat
Jahvonta A. Mason
Reno G. Varghese
Eric X. Xu
Zachary J. Tauscher
Seth D. Crockett
KELLOGG, HANSEN, TODD, FIGEL
  & FREDERICK, P.L.L.C.
1615 M Street NW, Suite 400
Washington, DC 20036
Tel.: (202) 326-7900
Fax: (202) 326-7999
Email: jthorne@kellogghansen.com
      dbird@kellogghansen.com
      bjones@kellogghansen.com
      dseverson@kellogghansen.com
      cgoodnow@kellogghansen.com
      epfeffer@kellogghansen.com
      emaier@kellogghansen.com
      mhirschboeck@kellogghansen.com
      mdrecun@kellogghansen.com
      jliebman@kellogghansen.com
      shenningson@kellogghansen.com
      kgrigel@kellogghansen.com
      rkhayyat@kellogghansen.com
      jmason@kellogghansen.com
      rvarghese@kellogghansen.com
      exu@kellogghansen.com
      ztauscher@kellogghansen.com
      scrockett@kellogghansen.com

*Counsel for Vox Media, LLC*

5