UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION

21-md-3010 (PKC)
21-cv-3446 (PKC)
23-cv-5177 (PKC)
25-cv-10477 (PKC)
25-cv-10630 (PKC)
25-cv-10817 (PKC)
25-cv-10818 (PKC)
25-cv-10819 (PKC)
26-cv-140 (PKC)
26-cv-225 (PKC)
26-cv-272 (PKC)
26-cv-325 (PKC)
26-cv-339 (PKC)
26-cv-343 (PKC)
26-cv-1055 (PKC)
26-cv-1587 (PKC)
26-cv-1593 (PKC)
26-cv-3135 (PKC)
26-cv-6591 (PKC)

ORDER ON SEALING

-----------------------------------------------------------

CASTEL, Senior District Judge:

Eleven motions for sealing have been filed in connection with letter-briefs submitted on discovery disputes. (ECF 1933, 1940, 1945, 1957, 2006, 2017, 2021, 2042, 2049, 2055, 2059.) Daily Mail and Gannett have also filed a renewed sealing motion after the Court denied without prejudice a prior sealing motion directed to expert reports filed in connection with the parties' summary judgment motions. (ECF 1828.)

The Court incorporates the legal standards set forth in its Order on Sealing dated April 8, 2026 (the "April 8 Sealing Order"). (ECF 1605 at 2-4.) It also incorporates Paragraph 1 and 3 of the April 8 Sealing Order, which provided for the redaction of the names of employees

who are not top-tier senior executives and the redaction of commercially sensitive technical and business information. (Id. at 5-6.)

The Court has reviewed the sealing motions and makes the following findings and conclusions:

1. The renewed motion to seal filed by Gannett and Daily Mail will be granted. (ECF 1828.) The sealing motion seeks narrow redactions to portions of the expert reports filed by three of plaintiffs' experts and a Google expert. The Court's Order of May 14, 2026 denying the prior sealing motion correctly anticipated that the experts' reports would be relevant to the parties' summary judgment motions and held that any inefficiencies required for narrowly tailored redactions did not outweigh the public right of inspection. (See ECF 1784 ¶ 5.) The narrower redactions contained in the renewed sealing motion allow for a public right of inspection while redacting portions of expert reports that reflect the sensitive commercial information of Gannett, Daily Mail and Google. The motion to file under seal will be granted.

2. The so-called "Group 2 Publishers" filed two motions to seal and redact documents filed in connection with the parties' discovery disputes. (ECF 1933, 1945.) They seek to maintain redactions to exhibits that contain the names of non-senior employees and non-public, commercially sensitive information about plaintiffs' advertising technologies and ad inventory. They also move to seal in certain exhibits in their entirety. For example, Vox seeks to maintain under seal an exhibit that discusses how it configures and tests digital advertising technology and quotes a non-senior-executive employee. The Atlantic seeks to maintain under seal an exhibit that describes how it manages its ad inventory and identifies vendors by name. McClatchy seeks to maintain under seal excerpts of deposition transcripts of non-senior-executive employees who testified about how the company selects its advertising technology.

Other of the Group 2 Publishers have identified similar privacy interests, supported by party declarations. The Court concludes that plaintiffs have identified privacy interests that outweigh the right of public access and their motions will be granted.

3. Google has filed three motions to seal documents filed in connection with its discovery disputes with the "Group 2 Publishers." (ECF 1940, 2006, 2021.) The motion to maintain redactions to the names and personal information of certain Google employees as contained in ECF 1925-6 will be granted. (ECF 1940.) Google's motion to maintain the redactions to the names of non-senior Google employees, as well as to redact internal Google URLs contained in ECF 1965 and ECF 1974, will be granted for the reasons previously explained by the Court in the Orders filed at ECF 1605 and 1784. (ECF 2006.) Google's motion to maintain the redactions of employee names and non-public technical information about auction mechanics contained in Exhibits 1 and 2 of the Group 2 Publishers' filing at ECF 1979 will be granted for the reasons previously explained by the Court in the Orders filed at ECF 1605 and 1784. (ECF 2021.)

4. The Competitor Plaintiffs have filed a motion to provisionally seal certain materials that Google has designated as confidential. (ECF 1957.) In response, Google seeks to maintain redactions to the names of dozens of current and former Google engineers and product personnel who are identified in two exhibits filed by the Competitor Plaintiffs. (ECF 2017.) The motion to maintain these redactions will be granted for the reasons previously explained by the Court in the Orders filed at ECF 1605 and 1784.

5. Four additional motions have been filed to provisionally seal materials submitted by the Competitor Plaintiffs and Google in connection with the discovery disputes recently decided in Pretrial Order No. 21 filed at ECF 2072. (ECF 2042, 2049, 2055, 2059.)

Any party seeking to maintain permanent sealing or redaction shall file a motion to seal no later than October 21, 2026. The motions for provisional sealing are granted.

6. The preparation and adjudication of sealing motions can require a significant investment of resources by the parties and the Court. When a discovery dispute arises, the parties should carefully consider of whether documents that contain sensitive commercial information, implicate the privacy interests of non-parties or contain other information that weighs against the presumption of public inspection are essential to the resolution of their dispute or whether it is sufficient to more generally describe the documents in the parties' letter-briefs. It may be that in many instances, an exhibit can comfortably be omitted, thus sparing the parties from collateral motion practice on sealing.

CONCLUSION

The motions for sealing and provisional sealing are GRANTED. The Clerk is respectfully directed to terminate the following motions: 21-md-3010, ECF 1828, 1933, 1940, 1945, 1957, 2006, 2017, 2021, 2042, 2049, 2055 and 2059; 21-cv-3446, ECF 403; 23-cv-5177, ECF 338; 25-cv-10477, ECF 68, 74, 78, 84, 89 and 93; 25-cv-10630, ECF 65, 71, 75, 81, 86 and 90; 25-cv-10817, ECF 98, 104, 108, 114, 119 and 123; 25-cv-10818, ECF 75, 83, 89, 95, 100 and 104; 25-cv-10819, ECF 89, 95, 99, 105, 110 and 114; 26-cv-140, ECF 92, 98, 105, 111, 116 and 120; 26-cv-225, ECF 122, 126, 160 and 171; 26-cv-272, ECF 124, 128, 162 and 173; 26-cv-325, ECF 124, 128, 162 and 173; 26-cv-339, ECF 122, 126, 160 and 171; 26-cv-343, ECF 130, 134, 168 and 179; 26-cv-1055, ECCF 119, 123, 157 and 168; 26-cv-1587, ECF 58, 64, 68, 74, 79 and 83; 26-cv-1593, ECF 112, 116, 150 and 161; 26-cv-3135, ECF 38, 44, 48, 54, 59 and 63; and 26-cv-6591, ECF 42 and 47.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
October 15, 2026